F I L E D
United States Court of Appeals
Tenth Circuit

JUN 23 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHERI SMITH,

      Plaintiff - Appellant,

v.

WILLIAM C. BIRDSALL, Honorable,
11th Judicial District; SANDRA A.
PRICE ADA, San Juan County; NEW
MEXICO INTERSTATE COMPACT;
NEW MEXICO PAROLE &
PROBATION; ARIZONA INTERSTATE
COMPACT; ARIZONA ADULT
PAROLE & PROBATION,

      Defendants - Appellees.

No. 03-2067
(D.C. No. CIV-03-84-LFG/WWD)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

submitted without oral argument.

Plaintiff Cheri Smith, appearing pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Smith filed her §1983 complaint on January 17, 2003, against a state district judge, a state prosecutor, two state agencies, and two interstate compacts, alleging "[i]llegal search & seizure by district attorney," "due process & perjury," and "due process/ prosecutorial misconduct." ROA Doc. 1. Her claims were the result of a probation revocation proceeding in state court. The district court denied Smith's motion to appoint counsel, finding there was no constitutional right to counsel in a civil lawsuit. ROA Doc. 9. The court also denied Smith's motion to supplement the record, finding the request "far exceeds the attachments authorized by the local rule." ROA Doc. 15. In dismissing the § 1983 action with prejudice for failure to state a claim, the district court found that the state district judge and the state prosecutor were clothed with absolute immunity, that the state agencies were not "persons" as used in § 1983 (Brandon v. Holt, 469 U.S. 464 (1985)), and that interstate compacts are "laws or agreements adopted by various states." ROA Doc. 13 at 3. The district court further cited Rozatos v. Colorado Supreme Court, 746 F.2d 1429, 1432 (10th Cir. 1984), which states: "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." Id. at 4.

On appeal, Smith asserts:

> The issue is whether a Writ of Mandamus and Immediate Stay can be issued by the United States District Court for the District of New Mexico or does The Anti-Injunction Act, 28 U.S.C. § 2283 bar such action. The issue also includes the irreparable harm that occurs as a result of the State of New Mexico violating due process. The issue also includes whether a state voluntar[ily] waives its Eleventh Amendment immunity by engaging in activity subject to congressional regulation, and violating the 14th Amendment of Due Process. The issue also includes whether the Interstate Compacts are not persons, but rather, laws or agreements adopted by various states.

Aplt. Br. at 3. Smith also contends the district court should have appointed counsel, and that the court erred in denying her motion to supplement the record.

We have carefully considered the district court's orders, all of Smith's arguments, and the record on appeal. We AFFIRM for substantially the same reasons as set forth in the district court's orders filed January 24, 2003, February 3, 2003, and March 4, 2003. We DENY as moot Smith's "Emergency Motion for an Injunction and Immediate Stay Pending Appeal."

Entered for the Court

Mary Beck Briscoe
Circuit Judge